IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| YOLANDA ORTEGA,<br><br>    *Plaintiff*,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    *Defendant*. | Civil Action No. 5:16-CV-00566-XR |

# ORDER

On this day the Court considered Defendant's motion to dismiss (Doc. No. 3). For the following reasons, the Court GRANTS the motion.

## BACKGROUND[1]

In 2005, Plaintiff Yolanda Ortega and her former husband, Michael Ortega, purchased property in Bexar County located at 3114 Royalton Drive, San Antonio, Texas ("the Property"). To finance this purchase, the couple executed a Deed of Trust in the amount of $73,200, as well as a Purchase Money Deed of Trust in the amount of $18,300. Both Deeds were executed on April 27, 2006 to Option One Mortgage Corporation. Defendant Ocwen Loan Servicing is now the loan servicer for the loans. Plaintiff defaulted, and a foreclosure sale was scheduled for June 7, 2016. Plaintiff alleges that Defendant sent notice of this sale on May 12 or 13.

On June 6, 2016, Plaintiff sued to quiet title in the 166th Judicial District Court, Bexar County, Texas. She alleges that Defendant failed to properly provide the requisite notice of the

---

[1] The following facts are taken from the allegations in Plaintiff's complaint, as well as the Defendant's motion to dismiss.

foreclosure, and seeks declaratory relief regarding this issue. Plaintiff also seeks an accounting as to the amounts owing under the loans, as well as injunctive relief to prevent Defendant from conducting any sale of the Property. Plaintiff's application for a temporary restraining order and temporary injunction were presented to the state court, which granted the temporary restraining order on June 6 and prevented the June 7 foreclosure from occurring. The application for a temporary injunction was scheduled to be heard in state court on June 20, 2016.

On June 17, 2016, Defendant timely removed the action to this Court based on diversity. Docket no. 1. Defendant then filed the motion to dismiss pursuant to Rule 12(b)(6), now before the Court, arguing that Plaintiff has failed to state a claim upon which relief may be granted, and is therefore not entitled to declaratory or injunctive relief. Docket no. 3. Defendant contends that notice of the foreclosure sale was proper, that it provided the payoff quotes Plaintiff requests, and that Plaintiff's claims are now moot because no foreclosure took place. *Id*.

## DISCUSSION

### I. Legal Standard for Deciding a Motion to Dismiss

Rule 12(b)(6) authorizes dismissal of a complaint that fails to "state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v, Twombly*, 550 U.S. 544, 546, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Plaintiff's Request for Declaratory Judgment Regarding Proper Notice

Plaintiff has not alleged a cause of action for improper notice of the foreclosure sale. Plaintiff, while admitting that she is in default, asserts that substantial uncertainty exists regarding whether Defendant properly provided notice of the foreclosure sale. She alleges that she received notice from Defendant's counsel dated May 12 and 13, 2016 via U.S. Mail, but argues that it was not timely. Under Texas law, a notice of foreclosure must be sent at least 21 days prior to a foreclosure sale. *See* TEX. PROP. CODE § 51.002(b)(3). According to Plaintiff's complaint, the foreclosure notices were mailed on May 12 and 13, 2016, which is more than 21 days before the June 6 date of the foreclosure sale. Therefore, Defendant properly and timely provided Plaintiff with written notice of the foreclosure. Furthermore, even if notice were improper, it is undisputed that the June 6 foreclosure sale did not occur. For these reasons, Plaintiff is not entitled to declaratory relief on this issue.

## III. Plaintiff's Request for an Accounting

Plaintiff also does not state a cause of action entitling her to an accounting. Plaintiff asserts that she is entitled to an accounting because substantial uncertainty exists as to the amounts due owing under the loans. Such an "accounting is appropriate when 'the facts and accounts presented are so complex adequate relief may not be obtained at law.'" *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 243 (5th Cir. 2014) (quoting *T.F.W. Mgmt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *see also Richardson v. First Nat. Life Ins. Co.*, 419 S.W.2d 836, 838 (Tex. 1967) ("[I]f the facts and accounts presented relate to so many different transactions and items . . . that it is doubtful whether adequate relief could be obtained at law, equity should entertain jurisdiction."). Plaintiff has not alleged, however, that the facts and accounts are so complex as to

3

justify an accounting. Moreover, Defendant maintains that the payoff quotes that Plaintiff requests were provided to her on June 22, and Plaintiff has not argued otherwise. When a party can obtain adequate relief "through the use of standard discovery procedures, such as requests for production and interrogatories, a trial court does not err in not ordering an accounting." *T.F.W. Mgtmt., Inc.*, 79 S.W.3d at 717–18. Because Plaintiff fails to allege that the facts and accounts are so complex as to justify an accounting, and does not dispute receiving the payoff quotes that she seeks, Plaintiff is not entitled to an accounting.

### IV. Request for Declaratory or Injunctive Relief

Last, Plaintiff is not entitled to declaratory or injunctive relief. "Federal courts have broad discretion to grant or refuse declaratory judgment." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d 731, 752 (E.D. Tex. 2013) (citing to *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991)). The Declaratory Judgment Act gives federal courts the "competence to declare rights, but does not impose a duty to do so." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d at 752; *see also Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 114 (1962) (conceding the Act is an "authorization, not a command") (Douglas, J., concurring). For a court to provide declaratory relief, the Act requires that a justiciable controversy exists between the parties. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d at 752 ("The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy."); *see also Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) ("[W]hen a plaintiff is seeking declaratory or injunctive relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future."). For the reasons stated above relating to Plaintiff's claims for improper notice and an accounting, Defendant's allegedly wrongful conduct does not to support a cause of action and Plaintiff fails to establish that a

justiciable controversy exists between the parties. As a result, Plaintiff is not entitled to declaratory relief.

Similarly, without a viable claim, there is no basis for injunctive relief. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F.Supp.2d at 751 ("Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim."); *see also Rodriguez v. Bank of America, N.A.*, No. SA-12-CV-905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. April 25, 2013) (holding that the plaintiff's request for injunctive relief failed because it could not be supported by a viable cause of action). Plaintiff has failed to assert any cause of action against Defendant, or allege any facts suggesting that Defendant is not legally entitled to foreclose. Absent a viable cause of action and a justiciable controversy between the parties, Plaintiff is not entitled to injunctive or declaratory relief.

## CONCLUSION

In light of the foregoing, Defendant's motion to dismiss (Doc. No. 3) is GRANTED.

Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and may file a Bill of Costs pursuant to the Local Rule. It is so ORDERED.

SIGNED this 3rd day of October, 2016.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE